UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEIGHA WOODS, individually and on behalf of the Class, and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUB CABARET, INC.,<br><br>Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>15 CV 1213 |

Plaintiff Aleigha Woods individually and on behalf of all others similarly situated, and on behalf of the members of the proposed Rule 23 class, by and through her attorneys, for her Class and Collective Action Complaint against Club Cabaret, Inc. ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This case is about Defendant's unlawful classification of its entertainers as independent contractors, and the unlawful pay practices arising from this scheme, including its failure to pay minimum wages for their hours worked, and taking their entertainers' earned tips in the form of fees and fines, in violation of the Fair Labor Standard Act, 29 U.S.C. §201, et seq. (the "FLSA"), and Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL).

2. Plaintiff Aleigha Woods ("Plaintiff" and "Class Representative"), brings this lawsuit both on behalf of other similarly situated employees under the FLSA, and as a class representative under the IMWL.

3. Plaintiff's consent form to join this action is attached as Exhibit A. As this case proceeds, it is likely that other individuals will also sign consent forms and join this action as opt-in plaintiffs as directed by the FLSA.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

7. Defendant Club Cabaret, Inc. is a domestic corporation with its principal place of business in Creve Coeur, Illinois. At times relevant to this action, Club Cabaret qualifies as Plaintiff's and the Collective's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

8. Plaintiff Aleigha Woods is an adult resident of Peoria, Illinois. During relevant times, Plaintiff Woods worked as an entertainer for Club Cabaret and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1) and 56 Ill. Adm. Code 210.110.

**FACTS COMMON TO ALL CLAIMS**

9. Plaintiff and the Collective work(ed) for Defendant as exotic dancers, or entertainers, during the statutory period.

10. Defendant is a fully nude, adult entertainment club.

11. Entertainers are integral to Defendant's business operations.

12. Defendant advertises its entertainment business, in part, on its website, Facebook, and other online websites, and numerous customers from outside of Illinois visit the club.

13. Defendant limits its customer base to adults over the age of twenty-one and serves domestic and imported alcohol to its customers.

14. Defendant controls its entire club, including providing the stage, furniture, lighting, sanitation, music, and other amenities. These items of furniture and décor together form the aesthetic Defendant desires to maintain, promote, and sell at the club. This furniture and décor are likely manufactured outside of Illinois and/or pass through interstate commerce prior to its arrival at Defendant's establishment.

15. Defendant's customers pay an admission for entry. In exchange, entertainers entertain customers at Defendant's direction and control. For example, Defendant directs and controls entertainers at relevant times by:

    a) Hiring and firing entertainers;

    b) Creating and enforcing "house rules" that dictate almost every aspect of the entertainers' work;

    c) Evaluating entertainers to ensure they meet Defendant's standards before hiring;

    d) Prohibiting entertainers from working at other clubs;

    e) Mandating the number of hours entertainers are required to work per week and scheduling the hours;

    f) Setting and holding mandatory meetings with the entertainers;

    g) Requiring entertainers to sign in at the beginning of their shifts;

    h) Requiring entertainers to be on stage and on the floor for a set amount of time;

    i) Setting entertainers' music, rotation, and duration of time on stage;

    j) Deciding when entertainers are permitted to leave at the end of the shift;

    k) Reviewing and approving entertainers' apparel, hair, and makeup and prohibiting them from working if "unacceptable;"

    l) Setting the rates for floor and VIP room usage;

    m) Requiring entertainers to sell promotional items to customers; and,

    n) Firing, suspending, and fining entertainers for violations of these and other rules.

16. Entertainers work for Defendant as employees in fact. Nevertheless, Defendant misclassifies entertainers as "independent contractors."

17. Defendant's unlawful independent contractor scheme simultaneously allows it to: 1) not pay its largest group and most critical employees, the entertainers, minimum wages; 2) avoid paying the state and federal payroll taxes it should pay in connection with its employees' compensation; and, 3) generate revenue directly from the pockets of its employees.

18. Indeed, Defendant does not pay entertainers *any* wages or other compensation for the work it suffers or permits them to perform.

19. Instead, Defendant requires that entertainers pay the club as a precondition to working at the facility. Defendant requires entertainers pay nightly "house fees" Defendant sets at its discretion, often increasing from approximately $55 per shift to $65 on weekend shifts.

20. Defendant also collects substantial fines for violating its rules and regulations, including: arriving late to the club, not complying with the club's scheduling requirements, being late to perform on stage, failing to meet management's on-stage performance standards (e.g. not smiling or chewing gum while performing on stage, customer complaints, and not meeting Defendant's standards for appearance (e.g. hair, nails, make-up)).

21. Because Defendant directly controls entertainers, it is aware that entertainers work as employees in fact; yet, Defendant still fails to classify entertainers as employees under federal law.

22. Defendant's failure to pay entertainers prescribed wages is willful and recklessness, in part, because Defendant knows it treats entertainers as employees in fact and that entertainers who worked under similar circumstances have been found to qualify as "employees" under the FLSA in similar cases across the country.

## CLASS ACTION ALLEGATIONS

23. With respect to the claims under the IMWL, 820 ILCS. § 105/1 *et seq.*, the Class Representative seeks to represent a class that is composed of and defined as follows:

> **All persons who work(ed) as entertainers for Defendant at any time during the applicable three year statute of limitations (herein the "IMWL Class").**

24. This action is brought pursuant to Fed. R. Civ. P. 23 because the Class is so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, Defendant has employed more than one hundred (100) individuals who satisfy the Class definition.

25. The Class Representative and the Class Member from the IMWL have been equally affected by Defendant's violations of law.

26. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the Class, if any. These common questions of law and fact include, without limitation:

   a) Whether Defendant unlawfully failed to pay Plaintiff and the IMWL Class minimum wage compensation in violation of the IMWL, 820 ILCS § 105/1 *et seq.* by misclassifying the entertainers as "independent contractors."

   b) Whether Defendant's conduct was willful; and

   c) The proper measure of damages sustained by the Class Representative and the Class Members.

27. Plaintiff's claims are typical of those of the members of the Rule 23 Class. Plaintiff, like the other members of the Rule 23 Class, were subject to Defendant's policies and

practices that resulted in a failure to compensate at the applicable minimum wage rates pursuant to Illinois law.

28. Plaintiff and the Class Members have sustained similar injuries as a result of Defendant's actions—they were all denied pay for time worked, and were also subject to Defendant's unlawful practice of taking their entertainers' earned tips in the form of fees and fines in violation of Illinois law.

29. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

30. This action is properly maintainable as a class action under Fed. R. Civ. P. 23 because questions of law and fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

32. Like Plaintiff, there are members of this putative Collective who are or were legally employed by Defendant who have also been denied minimum wages and who have experienced Defendant taking their earned tips in the form of fees and fines.

33.  These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

34.  Defendant can readily identify these similarly situated entertainers through its business records.

35.  Plaintiff therefore brings Count Two of this Complaint pursuant to the FLSA, 29 U.S.C. § 216(b) as a putative Collective, individually and on behalf of other similarly situated entertainers. Specifically, this putative Collective includes:

> **All persons who work(ed) as entertainers for Defendant at any time within three years of the filing of this Complaint.**

## COUNT ONE

### MINIMUM WAGE VIOLATION
### Violation of the Illinois Minimum Wage Law ("IMWL")
### (Class Action)

36.  Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

37.  The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq*. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

38.  Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff and the IMWL Class were entitled to be compensated at the applicable Illinois Minimum Wage.

39.  Defendant did not compensate Plaintiff and the IMWL Class at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

40.  Defendant violated the IMWL by refusing to compensate Plaintiff and the IMWL Class at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class are entitled to recover their unpaid minimum wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**WHEREFORE**, Plaintiff, the Class Representative, and the Class Members pray for a judgment against Defendant, as follows:

A. A determination that this action may be maintained as a class action, appointing Plaintiff as Class Representative and her counsel as Class Counsel;

B. Judgment that Defendant violated the minimum wage provisions of the IMWL;

C. Judgment against Defendant for unpaid minimum wages for all hours Plaintiff and the IMWL Class worked;

D. Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

E. An award of costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois state law;

F. Leave to amend this Complaint to add relevant claims and plaintiffs; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT TWO

**MINIMUM WAGE VIOLATION**
**Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.**

42. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

43. The FLSA requires covered employers to pay employees no less than $7.25 for each hour worked in a workweek. 29 U.S.C. § 206.

44. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." 29 C.F.R. § 531.35 ("For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are

specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum wages required to be paid him under the Act.").

45. Defendant is an "enterprise," as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

46. Defendant is an "employer" of Plaintiff and the Collective, who are "employees in fact," as defined by the FLSA, 29 U.S.C. § 203(d), (e)(1), (g).

47. Defendant failed to pay Plaintiff and the Collective *any* wages, much less free and clear minimum wages.

48. In failing to provide wages at the minimum rate and in taking fees and fines from Plaintiff and the Collective, Defendant violated the FLSA.

49. Defendant did not, and has not, made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Collective.

50. Defendant knew Plaintiff and the Class worked as employees in fact, and it willfully failed and refused to pay Plaintiff and the Collective the required minimum wages.

51. Defendant's willful failure and refusal to pay Plaintiff and the Collective minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

52. As a result of these unlawful practices, Plaintiff and the Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself, and all others similarly situated, prays for judgment against Defendant as follows:

A. A finding that Plaintiff and the Collective are similarly situated;

B. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

C. Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

D. Judgment that Plaintiff and the Collective are non-exempt employees entitled to protection under the FLSA;

E. Judgment against Defendant for violation of the minimum wage provisions of the FLSA;

F. Judgment that Defendant acted willfully and without good faith in violating the FLSA;

G. An award to Plaintiff and those similarly situated for the amount of unpaid minimum wages owed free and clear, and liquidated damages;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. An award of reasonable attorneys' fees and costs;

J. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

K. For such other relief as the Court may deem just.

Dated: May 26, 2015

s/Julie L. Galassi
**HASSELBERG, ROCK, BELL & KUPPLER LLP**
Julie L. Galassi
Suite 200 Associated Bank Bldg.
4600 N. Brandywine Drive
Peoria, IL 61614
Telephone: (309) 688-9400
Fax: (309) 688-9430

jgalassi@hrbklaw.com

**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN Bar No. 22084X* (Lead Counsel)
Brittany Bachman Skemp, MN Bar. No. 395227*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bbachmanskemp@nka.com

*admissions forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASSES**

# EXHIBIT A

# CLUB CABARET, INC.
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Club Cabaret, Inc., and all related corporate entities and individuals, to recover compensation I am owed by law.

2. During the past three years, I worked as an entertainer/dancer at the nightclub/gentlemen's club, Club Cabaret. I did not receive an hourly wage, and I was required to pay the club money when I worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Club Cabaret, Inc. and all related corporate entities and individuals.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 5/14/2015

Signature: *Aleigha Woods*

Print Name: ALEIGHA L. WOODS

---

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

REDACTED

Return this form by fax, email or mail to:

Nichols Kaster, PLLP, Attn: Paul J. Lukas
Fax: (612) 215-6870
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com