## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ALEIGHA WOODS, individually and on behalf of the Class, and others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLUB CABARET, INC.,<br><br>　　　　　　Defendant. | Case No. 1:15-cv-01213JEH<br><br>**ORDER** |

　　　　PURSUANT TO the Joint Stipulation and Proposed Order filed on January 22, 2016 with this Court by the parties Plaintiff Aleigha Woods ("Plaintiff") and Defendant Club Cabaret ("Defendant"), the Court Orders as follows:

　　　　1.　　Plaintiff shall file her First Amended Complaint, adding Mr. Joseph Miller, the owner and majority shareholder of Club Cabaret, Inc., as a Defendant in this action in his individual capacity.

　　　　2.　　This action shall be certified as a class action pursuant to Federal Rules of Civil Procedure ("Civil Rule") 23(a) and 23(b)(3) on behalf of the following class: All persons who work(ed) as entertainers for Defendant at any time during the applicable three year statute of limitations. The certification of this class is without prejudice to Defendant's right to file a future motion, pursuant to Fed. R. Civ. P. 23(c)(1)(C), seeking to decertify the class or otherwise alter or modify this class definition.

3. Pursuant to Civil Rule 23(c)(1)(B), the class claims and defenses include, *inter alia*, (i) whether Defendant misclassified class members as independent contractors; (ii) whether class members are entitled to minimum wage; (iii) whether class members are entitled to reimbursement of the fees and fines paid to Defendant; and (iv) the amount (if any) of class members' unpaid wages and damages.

4. Pursuant to Civil Rule 23(g), the law firm of Nichols Kaster, PLLP will serve as Class Counsel.

5. All issues relating to class notice under Civil Rules 23(c)(2)(B) and (e)(1) will be addressed by Class Counsel after the parties have participated in mediation.

6. The parties shall attend mediation no later than March 31, 2016. The parties will report the outcome of that mediation to the Court no later than seven (7) days after the mediation has concluded.

7. The deadlines in this case shall be stayed until the conclusion of the parties' mediation.

8. Pursuant to the agreement of the parties, the parties are given leave to preserve issues relating to the Civil Rule 23 certification and FLSA conditional certification until the conclusion of mediation. Specifically, the parties are given leave to reserve the issue of whether those entertainers who began performing at Defendant's establishment after May 26, 2015, who signed an agreement containing an agreement to arbitrate, should be included in the Rule 23 Class and sent judicial notice under 29 U.S.C. § 216(b).

*It is so ordered.*

Entered on January 25, 2016
s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE