E-FILED
Friday, 12 May, 2017  04:01:26 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEIGHA WOODS, individually and on behalf of the Rule 23 Class and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUB CABARET, INC., and JOSEPH MILLER, in his individual capacity,<br><br>Defendants. | Case No. 1:15-cv-01213-JBM-JEH<br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement is entered into between Plaintiff Aleigha Woods and Defendants Club Cabaret, Inc., and Joseph Miller, through their counsel. The parties agree as follows:

### RECITALS

1.      On May 26, 2015, Plaintiff initiated this class and collective action for unpaid wages against Defendant Club Cabaret, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* (ECF No. 1.) Plaintiff alleged that Defendant misclassified her and other entertainers as independent contractors, rather than employees, and denied them of legally entitled wages free and clear of unlawful kickbacks.

2.      On July 31, 2015, Defendant Club Cabaret, Inc. filed its Answer and asserted seven (7) Counterclaims against Plaintiff. (ECF No. 20.) Defendant denied liability and contended that Plaintiff's wages should be offset by monies received from customers, and that the fines and fees Plaintiff paid do not qualify as minimum-wage damages.

3.      On August 7, 2015, Plaintiff filed her Motion for FLSA Conditional Collective-Action Certification and Judicial Notice. (ECF No. 23.) The Court granted conditional certification, and ordered Defendant to produce a list of all entertainers who worked at Club Cabaret from May 26, 2012 to September 28, 2015. In compliance with this Order, on October 5, 2015, Defendant produced a list of eighty two (82) individuals it identified as putative FLSA Collective Members ("2015 Class List"), who had not already submitted consent-to-join forms in this Action.

4.      On October 15, 2015, judicial notice was mailed to individuals identified on Defendant's 2015 Class List. A total of forty one (41) Plaintiffs asserted their wage claims under the FLSA by filing consent-to-join forms with the Court.

5.      On December 9, 2015, Plaintiff filed her Motion for Rule 23 Class Certification and her Motion to Amend the Complaint to add Joseph Miller as an individual Defendant. (ECF No. 66.) Defendant did not oppose the motion, and on January 25, 2016 the Court granted the motion in full and certified this matter as a class action pursuant to Fed. R. Civ. P. 23. (ECF No. 76.) The Court further ordered that all issues relating to class notice under Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) be addressed after the parties participated in mediation. (ECF No. 76, ¶ 5.)

6.      The Parties participated in two mediation sessions with the Honorable Morton Denlow, which occurred on March 8, 2016 and September 8, 2016. The Parties did not resolve their dispute at either mediation.

7.      On October 21, 2016, after it appeared the parties would not be able to resolve this Action, Plaintiff filed her Motion for Approval of Fed. R. Civ. P. 23 Class Action Notice. (ECF No. 97.) Defendant produced a revised Class List to Plaintiff's Counsel ("2016 Class List"). The 2016 Class List identified 75 additional entertainers who were not included on

Defendant's 2015 Class List. These 75 entertainers started working for Defendants after FLSA Judicial Notice was distributed. On October 21, 2016, Plaintiff's Counsel distributed Rule 23 Notice to those identified in Defendant's 2015 and 2016 Class Lists.

8.     On March 27, 2017, after extensive arms-length negotiations, the parties reached a settlement as to the materials terms.

9.      The Parties recognize the final outcome in the Action is uncertain and that achieving a final result through the litigation process would require additional risk, time, and great expense.  Plaintiff's Counsel conducted substantial investigation and evaluation of the facts and law relating to the claims asserted and Plaintiff's Counsel believe—in view of the costs, risks, and delay of continued litigation and potential appeals balanced against the benefits of settlement—that the settlement set forth in this Agreement is in the best interests of Plaintiffs and represents a fair, reasonable, and adequate resolution of the Action.

<div align="center">**AGREEMENT**</div>

## I.     **DEFINITIONS**

1.1.     "Action" refers to the lawsuit entitled *Woods, et al. v. Club Cabaret, Inc. and Joseph Miller*, Case No. 1:15-cv-01213-JBM-JEH, filed in the U.S. District Court for the Central District of Illinois.

1.2     "Agreement" shall mean this Settlement Agreement including exhibits.

1.3.     "Attorneys' Fees" shall mean a reasonable attorneys' fee as approved by the Court.

1.4.     "Consent to Settlement" refers to the Release of Claims Form found on the final page of the "Notice of Settlement" attached hereto as Exhibit 4.

1.5.     "Court" shall mean the U.S. District Court for the Central District of Illinois.

1.6.     "Defendants" are Club Cabaret, Inc. and Joseph Miller.

<div align="center">3</div>

1.7.    "Defendants' Counsel" shall mean all counsel who have entered an appearance for any of the Defendants in the Action.

1.8.    "Effective Date" is the later of: (1) thirty (30) days following entry of the Court's Final Approval Order approving the settlement and dismissing the action if no appeal is taken of that Order; or (2) the Court's entry of a final order after resolution of any appeals.

1.9.    "Eligible Rule 23 Claimants" refers to those entertainers identified on Defendants' 2015 Class List who did not opt-in to this Action by filing a consent form.  These individuals worked as entertainers within the Eligible Time Period and are identified in Exhibit 2.

1.10.    "Eligible Time Period" is the time period from May 26, 2012 to October 5, 2015.

1.11.    "Final Allocation" means the final amount to be distributed to the Settling Plaintiffs, which is calculated by deducting approved Attorneys' Fees, Litigation Costs, Settlement Administrative Costs, and Service Awards from the Gross Settlement Amount and redistributing the settlement amounts of the Non-Responding and Rejecting Plaintiffs on a *pro rata* basis.

1.12.    "Final Approval" shall mean the Court's Order granting the Parties' motion for final settlement approval and dismissing this Action.

1.13.    "Ineligible Entertainers" includes those individuals identified in Exhibit 3 who worked as entertainers outside the Eligible Time Period and are therefore ineligible to participate and receive funds from this settlement.  This definition also includes Tabitha Rice and Tiffany Merrick who requested exclusion from the Action on October 24, 2016 and December 5, 2016.

1.14.    "Litigation Costs" shall mean the reasonable costs incurred by Plaintiff's Counsel in litigating this matter.

1.15.   "Net Settlement Amount" shall mean the remainder of the Gross Settlement Amount after deduction for Attorneys' Fees, Litigation Costs, Settlement Administrative Costs, and Service Awards.

1.16.   "Non-Responding Plaintiffs" refers to those Opt-in Plaintiffs and Eligible Rule 23 Claimants who do not timely complete and submit a Release of Claims Form and therefore do not become Settling Plaintiffs.   Non-Responding Plaintiffs are not the same as Rejecting Plaintiffs.

1.17.   "Notice of Ineligibility" refers to the Notice of Ineligibility distributed to the Ineligible Entertainers, attached hereto as Exhibit 4.

1.18.   "Notice of Settlement" refers to the Notice of Settlement and Release of Claims Form to be distributed to the Opt-in Plaintiffs and Eligible Rule 23 Claimants, attached hereto as Exhibits 5 and 6.

1.19.   "Notice Period" refers to the forty-five (45) day time period beginning with the initial mailing of the Notice of Settlement and ending with the Notice Response Deadline.

1.20.   "Notice Response Deadline" refers to the forty-fifth (45th) day after the initial distribution of the Notice of Settlement.

1.21.   "Opt-In Plaintiffs" refer to those individuals who filed Consent To Join Forms with the Court and remain in this action at the time of the execution of this Agreement.   The forty one (41) Opt-In Plaintiffs are identified in Exhibit 1.

1.22.   "Parties" means Plaintiffs and Defendants

1.23.   "Plaintiff's Counsel" refers to Nichols Kaster, PLLP.

1.24.   "Preliminary Allocation" means the allocation of the Gross Settlement Amount among Attorneys' Fees, Litigation Costs, Settlement Administrative Costs, Service Awards, and the Net Settlement Amount to the Eligible Rule 23 Claimants and Opt-in Plaintiffs.

1.25.   "Preliminary Approval" refers to the order approving this Agreement and the proposed settlement process contained herein.

1.26.   "Rejecting Plaintiff(s)" refer to those Eligible Rule 23 Claimants and/or Opt-in Plaintiffs who timely and appropriately communicate to Plaintiff's Counsel that they do not wish to be included in the Settlement, and therefore do not become Settling Plaintiffs.  Rejecting Plaintiffs do not qualify as Non-Responding Plaintiffs.

1.27.   "Released FLSA Claims" shall mean all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to the FLSA claims alleged in the First Amended Complaint that accrued during the Eligible Time Period.

1.28.   "Released State Law Claims" shall mean all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under Illinois state wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, costs, attorneys' fees and all other forms of legal or equitable relief available related to the Illinois state law claims alleged in the First Amended Complaint that accrued during the Eligible Time Period.

1.29.   "Released Parties" shall mean Defendants, their respective affiliates and related entities, and all of their incumbent and former officers, managers, directors, owners, members,

6

shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, privies and representatives in their individual and/or representative capacities.

1.30.  "Service Award" means the payment, if any, authorized by the Court to be made to the Named Plaintiff and/or the Testifying Plaintiffs in addition to any *pro rata* allocation.

1.31.  "Settlement Administrative Costs" is an estimate of the future costs associated with Plaintiff's Counsel securing approval of the settlement and disbursement of settlement checks to the Settling Plaintiffs.

1.32.  "Settling Plaintiffs" refers to the Eligible Rule 23 Claimants and Opt-in Plaintiffs who submit complete and timely Release of Claims Forms.

1.33.  "Testifying Plaintiffs" refers to Opt-in Plaintiffs Dawn Alvarez and Lisa McMahon.

## II.  SETTLEMENT PROCESS AND TIMELINE OF SETTLEMENT EVENTS

2.1.  The Parties agree, unless otherwise modified by the Court, to the following settlement process and timeline:

- **April 21, 2017:** Plaintiff's Counsel shall calculate and provide preliminary damage allocations for the Eligible Rule 23 Claimants and Opt-in Plaintiffs to Defendants.

- **May 12, 2017:** The Parties shall file their Motion for Preliminary Settlement Approval.

- **7 calendar days after Preliminary Approval**: Deadline for Plaintiff's Counsel to distribute Notice as described in Section V.

- **10 days after Preliminary Approval:** Deadline for Defendants to provide CAFA notice.

- **45 days from Notice mailing**: Deadline for the Opt-in Plaintiffs and Eligible Rule 23 Claimants to respond to and submit their Release of Claims Form.

- **14 days after the Notice Response Deadline**: Deadline for Plaintiff's Counsel to submit to Defendants their Final Allocations for Settling Plaintiffs.

- **30 days after Notice Response Deadline:** Deadline to file Joint Motion for Final Settlement Approval with the Court.  Plaintiff's Counsel will draft the motion in

time to provide Defendants with seven (7) days to review and discuss changes to the motion.

- **7 days from Final Approval:** Deadline for Defendants to make initial payment to Plaintiff's client trust account as set forth in Section III.

## III.  SETTLEMENT AMOUNT AND ALLOCATIONS

3.1.    The Gross Settlement Amount is $1,000,000.00 exclusive of employer-side payroll taxes and payroll administration expenses Defendants may incur (if any) in their efforts to effectuate this Settlement.  Defendants shall be separately responsible for those taxes and expenses.

3.2.    The Parties agree that Defendants shall make payments over time as follows:

A.      Defendants shall deliver to Nichols Kaster, PLLP the initial installment payment of $500,000 within seven (7) calendar days of Final Approval of the Settlement; and

B.      Defendants shall deliver to Nichols Kaster, PLLP the remaining $500,000 over the course of eighteen (18) months in equal installments of $27,777.78 beginning on the first of each month following the initial installment payment in paragraph 3.2A.

3.3.    Plaintiff's Counsel will compute a Preliminary Allocation of the Gross Settlement Amount for Defendants' review and approval by April 21, 2017, or seven (7) days following the execution of this Agreement, whichever is later.

3.4.    The Preliminary Allocation will include:

A.      $27,758.28 for Litigation Costs;

B.      $250,000.00 for Attorneys' Fees;

C.      $5,000.00 to the Named Plaintiff as a Service Award;

D.      $500.00 to each of the 2 Testifying Plaintiffs as a Service Award;

E.      $1,500.00 for Settlement Administration Fund;

F.      $714,741.72 for the Net Settlement Amount, which will: (1) allocate $5,434.31 to each Eligible Rule 23 Claimant; and (2) use a *pro rata* allocation for all Opt-in Plaintiffs based on their damages which have been calculated by factoring dates of employment, reasonable hours and days

worked, and a reasonable amount for fines and fees. Defendants will not oppose this calculation.

3.5.    Within fourteen (14) calendar days after the Notice Response Deadline, Plaintiff's Counsel will produce to Defendants the Final Allocation for Settling Plaintiffs.

3.6.    The Final Allocation will redistribute monies previously allocated in the Preliminary Allocation for Non-Responding Plaintiffs and Rejecting Plaintiffs (if any).  The monies previously allocated to the Non-Responding Plaintiffs and Rejecting Plaintiffs (if any) will be redistributed to the Settling Plaintiffs on a *pro rata* basis.  Defendants will not oppose this calculation.

## IV.    SCOPE OF THE SETTLEMENT

4.1.    The Parties agree that the scope of this Settlement includes the Opt-in Plaintiffs identified in Exhibit 1 and Eligible Rule 23 Claimants identified in Exhibit 2 who timely submit a Release of Claims Form by the Notice Response Deadline.

4.2.    The Parties agree that those individuals identified in Exhibit 3 worked at Club Cabaret outside the Eligible Time Period and are therefore ineligible to participate in this settlement.  All Ineligible Entertainers shall be dismissed from this action without prejudice and their statute of limitations will be tolled for thirty (30) days from the date of the Court's Final Approval of the Settlement.

## V.    NOTICE OF SETTLEMENT AND CLAIMS PROCEDURE

5.1.    The Parties agree that three separate Notices are necessary.  The Notice of Settlement (Exs. 5 and 6) will be sent to the Opt-in Plaintiffs and Eligible Rule 23 Claimants, and will include the individual's computed preliminary allocation of settlement amounts as well as information about the case and claims they will be releasing.  The Notice of Ineligibility (Ex.

4) will be sent to the Ineligible Entertainers and will explain their exclusion from this settlement and the claims they retain against Defendants.

5.2.    Plaintiff's Counsel shall distribute the Notice of Settlement and Notice of Ineligibility no later than seven (7) days after the Court issues Preliminary Approval of the Settlement.

5.3.    Notice will be distributed by U.S. Mail and email (where applicable).

5.4.    Plaintiffs must complete and return (or postmark) the accompanying Release of Claims Form on or before the Notice Response Deadline to be included in the Settlement.  Those who do not timely complete and submit their Release of Claims Form will be considered Non-Responders, and will not receive funds in the Settlement.

5.5.    Objections to the Settlement:  Any Opt-in Plaintiff or Eligible Rule 23 Claimant who wishes to object to the settlement must submit a timely written objection with her executed Release of Claims Form to Plaintiff's Counsel. All objections must be dated and post-marked no later than the Notice Response Deadline.

5.6.    Rejection of the Settlement Offer:  Opt-in Plaintiffs and Eligible Rule 23 Claimants who wish to be excluded from the settlement ("Rejecting Plaintiffs") must complete a request for exclusion in a form described in the Notice of Settlement and deliver that request to Plaintiff's Counsel no later than the Notice Response Deadline. Rejecting Plaintiffs shall receive no settlement benefits under this Settlement Agreement and shall not be bound by any release in this settlement.  The claims of Rejecting Plaintiffs will be dismissed without prejudice.

5.7.    Non-Responding Plaintiffs: Opt-in Plaintiffs who do not timely return a Release of Claims Form shall receive no settlement benefits under this Settlement Agreement, shall not release their FLSA Claims as set forth in paragraph 1.27, and their FLSA claims will be

dismissed without prejudice.  Opt-in Plaintiffs who do not timely return a Release of Claims Form and do not timely reject the settlement offer shall release their Illinois State Law Claims as described in paragraph 1.28, and those claims will be dismissed with prejudice.

Eligible Rule 23 Claimants who do not timely return a Release of Claims Form and do not timely reject the settlement offer shall be bound by the release described in paragraph 1.28, and their Illinois State Law Claims dismissed with prejudice.

5.8.    Neither Defendants nor Plaintiff's Counsel will discourage Opt-in Plaintiffs and Eligible Rule 23 Claimants from participating in this settlement or encourage them to object to, reject, or opt-out of the settlement.  Defendants will cooperate with Plaintiff's Counsel to ensure that Notice is promptly provided.

## VI.    SETTLEMENT DISTRIBUTIONS AND TAXES

6.1.    Defendants are responsible for completing and distributing all tax documentation.

6.2.    Settling Plaintiffs' settlement payments shall be reported by Defendants for tax purposes on an IRS Form 1099-MISC for each Settling Plaintiff, as "other income" (box 7).  The Gross Settlement Amount is exclusive of employer side payroll taxes and payroll administration expenses, if any, Defendants may incur.  Defendants shall be separately responsible for those taxes and expenses, if any.  Defendant will not make any federal, state, or local withholding from the payments to the Settling Plaintiffs.  Settling Plaintiffs are solely responsible for any employee-side taxes or withholdings, if any, and are solely responsible for any income taxation or other taxation on any payments to them, other than employer-side payroll taxes, if any.

6.3.    Attorneys' Fees, Litigation Costs, and Settlement Administrative Costs shall be reported by Defendants on an IRS Form 1099-MISC as income to Plaintiff's Counsel.

6.4.    Payments shall be made by Defendants by wiring the funds to a client trust account established and held by Plaintiff's Counsel for this Settlement. Upon Final Approval,

Plaintiff's Counsel shall notify Defendants' Counsel of the name of the financial institution, the account number, and the routing number of the account into which the settlement proceeds are to be wired.

6.5.    Plaintiff's Counsel is responsible for cutting and distributing checks to the Settling Plaintiffs from the settlement funds paid by Defendants.  These payments will be made to Settling Plaintiffs by Plaintiff's Counsel in conjunction with Defendants' delivery of the first payment, and upon delivery of the 10th installment payment and the 19th and final installment payment, after the requisite time has passed for that money to be withdrawn from the client trust account. Checks will be void, and those funds unrecoverable by the Settling Plaintiffs, after 90 days of distribution.

6.6.    Plaintiff's Counsel shall donate any excess settlement funds or settlement funds relating to uncashed checks to Illinois Legal Aid, a *cy pres* beneficiary, 120 days after Plaintiff's Counsel distributes the checks to the Settling Plaintiffs.

**VII.    ATTORNEYS' FEES AND COSTS**

7.1.    Plaintiff's Counsel may request Court approval for payment of up to one-quarter (25%) from (and not in addition to) the Gross Settlement Amount, or $250,000.00, as payment for attorneys' fees.

7.2.    Plaintiff's Counsel may request Court approval for reimbursement of up to $27,758.28 from (and not in addition to) the Gross Settlement Amount in Litigation Costs.  This amount is intended to compensate Plaintiff's Counsel for the costs they have expended in this case to date.

7.3.    Plaintiff's Counsel may further request Court approval for reimbursement of up to $1,500 from (and not in addition to) the Gross Settlement Amount in Settlement Administration Costs.  This amount is intended to compensate Plaintiff's Counsel for the work remaining to be

performed and costs remaining to be expended in securing Court approval of the Settlement Agreement, defending any challenges to the Settlement Agreement, ensuring that the Settlement Agreement is fairly administered, and implementing and obtaining dismissal of the Action.

7.4.    If the Court does not approve any portion of Plaintiff's Counsel's requested Attorneys' Fees, Litigation Costs, or Settlement Administration Costs, such amounts that are not approved shall not revert back to Defendants.  Rather, any portion that is not approved by the Court shall be disbursed on a *pro rata* basis to Settling Plaintiffs.

## VIII.  CONSENT JUDGMENT/CONFESSION OF JUDGMENT

8.1.    The payments as set forth in this Agreement are to be secured by a Consent Judgment/Confession of Judgment against Defendants in an amount equal to the Gross Settlement Amount, less any payments already tendered at the time of the payment default, which shall be known as the "Default Amount".

8.2.    An unexecuted Consent Judgment/Confession of Judgment is attached hereto as Exhibit 6.  Plaintiff's Counsel shall retain the executed version, which Plaintiff's Counsel shall not file unless authorized under this Agreement.

8.3.    In the event Defendants do not make their scheduled payments as described above and do not cure the deficiency within thirty (30) days of notice of the deficiency by mail and email to Defendants' counsel, Plaintiffs may file the Consent Judgment/Confession of Judgment, making Defendants in default of judgment for the remaining Default Amount.  Notice of the deficiency shall be sent to Defendants' Counsel Sam Zabek at 60 State Street, Suite 201, Peoria, Illinois 61602, and szabek@glo-pc.com and Michael Lied at 211 Fulton Street, Suite 600, Peoria, Illinois 61602, and mlied@howardandhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new address to Plaintiff's Counsel.

13

## IX.  **RELEASE AND NON-PARTICIPATION**

9.1.    By entering into this Agreement, Defendants do not admit to liability in this Action.

9.2.    Opt-in Plaintiffs who timely complete and submit a Release of Claims Form will release all Released Parties of all Released FLSA and Rule 23 Claims as defined above.  Their Released FLSA and Rule 23 Claims will be dismissed with prejudice.

9.3.    Eligible Rule 23 Claimants who timely complete and submit a Release of Claims Form will release all Released Parties of all Released Illinois State Law Claims as defined above. Their Released Illinois State Law Claims will be dismissed with prejudice.

9.3.    The FLSA and Rule 23 Claims of Rejecting Plaintiffs (if any) will be dismissed <u>without</u> prejudice.  Monies allocated to Rejecters in the Preliminary Allocation shall not revert to Defendants, and shall be redistributed to the Settling Plaintiffs in the Final Allocation.

9.4.    The FLSA Claims of Non-Responding Opt-in Plaintiffs (if any) shall be dismissed <u>without</u> prejudice, and their Rule 23 Claims dismissed <u>with</u> prejudice.  Monies allocated to Non-Responding Opt-in Plaintiffs in the Preliminary Allocation shall not revert to Defendants, and shall be redistributed to the Settling Plaintiffs in the Final Allocation.

9.5.    The Rule 23 Claims of Non-Responding Eligible Rule 23 Claimants (if any) shall be dismissed <u>with</u> prejudice. Monies allocated to Non-Responding Eligible Rule 23 Claimants in the Preliminary Allocation shall not revert to Defendants, and shall be redistributed to the Settling Plaintiffs in the Final Allocation.

9.6.    The FLSA and Rule 23 Claims of Ineligible Entertainers shall be dismissed <u>without</u> prejudice.

## X.   <u>MISCELLANEOUS</u>

10.1.   Any dispute regarding the interpretation or validity or otherwise arising out of this Agreement, or relating to the Action or the Released FLSA or Rule 23 Claims, shall be subject to the exclusive jurisdiction of the Court for the purpose of resolving any such dispute. Following the Effective Date, the Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for the purposes of interpreting, implementing, and enforcing the Settlement in this Agreement and all orders and judgments entered in connection therewith.

10.2.   In the event the Court does not approve the Agreement, the Agreement will be null and void, but the Parties shall work together in good faith to reach a mutually acceptable Settlement, if possible.

10.3.   This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.

10.4.   This Settlement Agreement shall become effective upon its execution, subject to Court approval. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

[*Space intentionally left blank*]

Dated:

**NICHOLS KASTER, PLLP**
Paul J. Lukas
Michele R. Fisher
Brittany Bachman Skemp
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
fisher@nka.com
bskemp@nka.com

**HASSELBERG, ROCK, BELL &
KUPPLER LLP**
Julie L. Galassi
Dustin Jensen
Suite 200 Associated Bank Bldg.
4600 N. Brandywine Drive
Peoria, IL 61614
Telephone: (309) 688-9400
Fax: (309) 688-9430
jgalassi@hrbklaw.com
djensen@hrbklaw.com

**ATTORNEYS FOR PLAINTIFFS**

Dated:

**GRAVES LAW OFFICES**
Samuel B. Zabek
60 State Street, Suite 201
Peoria, IL 61602
Telephone: (309) 673-8422
Fax: (309) 673-8432
szabek@glo-pc.com

**SHAFER & ASSOCIATES, P.C.**
Bradley J. Shafer (MI P36604)
Matthew Hoffer
3800 Capital City Boulevard, Suite 2
Lansing, MI 48906
Telephone: 517-886-6560
Fax: 517-886-6565
Matt@BradShaferLaw.com

**ATTORNEYS FOR DEFENDANT
CLUB CABARET, INC.**

Dated:

**HOWARD & HOWARD
ATTORNEYS PLLC**
Michael R. Lied
211 Fulton Street, Suite 600
Peoria, IL 61602
Telephone: 309-999-6311
Fax: 609-672-1568
mlied@howardandhoward.com

**ATTORNEY FOR DEFENDANT
JOSEPH MILLER**

16

Dated:                                        Dated:

_____              _____

**NICHOLS KASTER, PLLP**                **GRAVES LAW OFFICES**
Paul J. Lukas                           Samuel B. Zabek
Michele R. Fisher                       60 State Street, Suite 201
Brittany Bachman Skemp                  Peoria, IL 61602
4600 IDS Center, 80 South 8th Street    Telephone: (309) 673-8422
Minneapolis, MN 55402                   Fax: (309) 673-8432
Telephone: (612) 256-3200               szabek@glo-pc.com
Fax: (612) 215-6870
lukas@nka.com                           **SHAFER & ASSOCIATES, P.C.**
fisher@nka.com                          Bradley J. Shafer (MI P36604)
bskemp@nka.com                          Matthew Hoffer
                                        3800 Capital City Boulevard, Suite 2
                                        Lansing, MI 48906
**HASSELBERG, ROCK, BELL &**            Telephone: 517-886-6560
**KUPPLER LLP**                         Fax: 517-886-6565
Julie L. Galassi                        Matt@BradShaferLaw.com
Dustin Jensen
Suite 200 Associated Bank Bldg.         **ATTORNEYS FOR DEFENDANT**
4600 N. Brandywine Drive                **CLUB CABARET, INC.**
Peoria, IL 61614
Telephone: (309) 688-9400
Fax: (309) 688-9430
jgalassi@hrbklaw.com
djensen@hrbklaw.com                     Dated:  5-10-2017

                                        _____
**ATTORNEYS FOR PLAINTIFFS**            **HOWARD & HOWARD**
                                        **ATTORNEYS PLLC**
                                        Michael R. Lied
                                        211 Fulton Street, Suite 600
                                        Peoria, IL 61602
                                        Telephone: 309-999-6311
                                        Fax: 609-672-1568
                                        mlied@howardandhoward.com

                                        **ATTORNEY FOR DEFENDANT**
                                        **JOSEPH MILLER**

16

# **<u>EXHIBIT 1</u>**

# FLSA Opt-In Plaintiffs

|     | Last Name | First Name |
| --- | --------- | ---------- |
| 1   | Alvarez | Dawn |
| 2   | Bardezbanian | Stephanie |
| 3   | Blake | Jami |
| 4   | Brown- Jansen | Brittany |
| 5   | Browne | Laurie |
| 6   | Canty | Natasha |
| 7   | Conway | Cayla |
| 8   | Coyle | Nicole |
| 9   | Cummings | Rebecca |
| 10  | Davis | Tiffany |
| 11  | Day | Elizabeth |
| 12  | Earl | Dena |
| 13  | Ewins | Alexa |
| 14  | Ford | Ashley |
| 15  | Gerber | Sarah |
| 16  | Graves | Tanisha |
| 17  | Harris | Amie |
| 18  | Hensley | Tiffany |
| 19  | Hindahl | Sidney |
| 20  | Huntley | Kristina |
| 21  | King | Brittney |
| 22  | Mayerhofer | Karissa |
| 23  | McMahon | Lisa |
| 24  | Menk | Beth |
| 25  | Morrow | Brittany |
| 26  | Pate | Alisha |
| 27  | Patterson | Dana |
| 28  | Pease | Lacey |
| 29  | Preston | Kathy |
| 30  | Reed | Samantha |
| 31  | Robinson | Angel |
| 32  | Rohrs | Renee |
| 33  | Russ | Holly |
| 34  | Sleeth | Brooke |
| 35  | Smith | Amber |
| 36  | Smith | Jennifer |
| 37  | Smith | Tanum |

| 38 | Taylor | Michelle |
|----|--------|----------|
| 39 | Whitaker | Stacy |
| 40 | Woods | Aleigha |
| 41 | Wright | Ardelle |

# **EXHIBIT 2**

# Eligible Rule 23 Claimants

|    | Last Name    | First Name |
|----|--------------|------------|
| 1  | Allen        | Heather    |
| 2  | Bannister    | Alison     |
| 3  | Bell         | Gretchen   |
| 4  | Bernal       | Tiffany    |
| 5  | Berral       | Tia        |
| 6  | Besher       | Kimber     |
| 7  | Bleichner    | Michelle   |
| 8  | Bopp         | Kaitlyn    |
| 9  | Boyce        | Shemica    |
| 10 | Brooks       | Mary Jo    |
| 11 | Brooks       | Adrienne   |
| 12 | Cain         | Christy    |
| 13 | Carithers    | Jenna      |
| 14 | Collister    | Samantha   |
| 15 | Colvin       | Alyssa     |
| 16 | Connal       | Melissa    |
| 17 | Connell      | Teara      |
| 18 | Conner       | Salina     |
| 19 | Cooley       | Kenniss    |
| 20 | Deweese      | Breann     |
| 21 | Dugan        | Emily      |
| 22 | Everette     | Brooke     |
| 23 | Fernandes    | Haley      |
| 24 | Followell    | Rachael    |
| 25 | Fugate       | Amanda     |
| 26 | Fullilove    | Kenya      |
| 27 | Gadd         | Shawna     |
| 28 | Gaubatz      | Susan      |
| 29 | Gingry       | Chastity   |
| 30 | Goodman      | Katerina   |
| 31 | Green-Brooks | Emerald    |
| 32 | Harris       | Pamela     |
| 33 | Harvey       | Skylandis  |
| 34 | Howze        | Tonisha    |
| 35 | Janssen      | Christina  |
| 36 | Karter       | Kelsie     |
| 37 | Kniss        | Sara       |

| 38 | Lawson | Jamie |
|----|--------|-------|
| 39 | Lewis | Whitney |
| 40 | Lovestrand | Ashley |
| 41 | Marshall | Brandi |
| 42 | Mathis | Rachel |
| 43 | Miller | Samantha |
| 44 | Mize | Gina |
| 45 | Montague | Jennifer |
| 46 | Moore | Myjken |
| 47 | Nesbit | Tonche |
| 48 | Oakes | Michelle |
| 49 | Panther | Mandy |
| 50 | Pham | Jennifer |
| 51 | Price | Annelisa |
| 52 | Riggenbach | Christine |
| 53 | Rodriguez | Selina |
| 54 | Rose | Jennifer |
| 55 | Sanders | Ashley |
| 56 | Skye | Hannah |
| 57 | Smith | Bobbi |
| 58 | Soddy | Michelle |
| 59 | Son | Amanda |
| 60 | Spearman | Tynesha |
| 61 | Sullivan | Laura |
| 62 | Tolbert | Tristan |
| 63 | Vitale | Misty |
| 64 | Wallace | Ebony |
| 65 | Williams | Heather |

# **<u>EXHIBIT 3</u>**

# **Ineligible Entertainers**

|   | **Last Name** | **First Name** |
|---|---|---|
| 1 | Armstrong | Mariah |
| 2 | Axley | Jenna |
| 3 | Barajas-Tatum | Jonna |
| 4 | Bartels | Michelle |
| 5 | Berger | Ariana |
| 6 | Bezdek | Tiera |
| 7 | Bray | Chelsi |
| 8 | Bridges | Samantha |
| 9 | Burge | Angela |
| 10 | Campbell | Breasha |
| 11 | Carson | Taylor |
| 12 | Cleaver | Ashley |
| 13 | Davis | Heighly |
| 14 | Duhs | Terra |
| 15 | Dunnway | Kristina |
| 16 | Elkins | Jessica |
| 17 | Ellington | Jimeria |
| 18 | Emmer | Cassandra |
| 19 | Estendt | Tiffany |
| 20 | Ford | Gabrieona |
| 21 | Fras | Jennifer |
| 22 | Gleason | Ashley |
| 23 | Golden | Kayla |
| 24 | Griffith | Julia |
| 25 | Hageman | Morgan |
| 26 | Hangartner | Savoy |
| 27 | Hobbs | Miranda |
| 28 | Holly | Kristina |
| 29 | Jackson | LaQuarius |
| 30 | Juers | Madison |
| 31 | Kennedy | Ashley |
| 32 | Layton | Ashley |
| 33 | Lee | Ebony |
| 34 | Legasi | Jacqueline |
| 35 | Limpinto | Victoria |
| 36 | Logan | Shaylyn |
| 37 | Mahony | Shania |

| 38 | McCourtney | Nicole |
|----|------------|--------|
| 39 | McGouwan | Jesseka |
| 40 | Melloy | Kristina |
| 41 | Merrick | Tiffany |
| 42 | Meyer | Ashley |
| 43 | Miranda | Jessica |
| 44 | Mix | Kenya |
| 45 | Morgan | Erika |
| 46 | Nelson | Amee |
| 47 | Newman | Nicole |
| 48 | Nichols | Jennifer |
| 49 | Owen | Christina |
| 50 | Palazzo | Yasmine |
| 51 | Peden | Angelina |
| 52 | Perez | Siera |
| 53 | Prim | Jessica |
| 54 | Proctor | Danielle |
| 55 | Rice | Tabitha |
| 56 | Rich | Brittany |
| 57 | Riggs | Shelby |
| 58 | Roy | Shelly |
| 59 | Sanchez | Emily |
| 60 | Sidener | Natalie |
| 61 | Slater | Melissa |
| 62 | Stewart | Celeste |
| 63 | Tallon | Michelle |
| 64 | Terrell | Tristin |
| 65 | Ulrich | Kendra |
| 66 | Vail | Sarah |
| 67 | Wall | Jessie |
| 68 | Watkins | Bailey |
| 69 | Webb | Jasmine |
| 70 | Weyeneth | Abbie |
| 71 | Wiles | Collen |
| 72 | Willson | Hollye |
| 73 | Wilson | Shakeila |
| 74 | Wilson | Shaina |
| 75 | Wright | Kylee |
| 76 | Young | Ashley |

# **EXHIBIT 4**

## **(Notice of Ineligibility)**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ALEIGHA WOODS, individually and on behalf of the Rule 23 Class and others similarly situated,<br><br>         Plaintiff,<br><br>     v.<br><br>CLUB CABARET, INC., and JOSEPH MILLER, in his individual capacity,<br><br>         Defendants. | Case No. 1:15-cv-01213-JBM-JEH<br><br><br>**NOTICE OF INELIGIBILITY TO PARTICIPATE IN CLASS ACTION SETTLEMENT** |

<div style="border:1px solid #000; background:#ccc; text-align:center">

**YOU ARE RECEIVING THIS NOTICE BECAUSE**
**THE SETTLEMENT OF A CLASS ACTION LAWSUIT AGAINST**
**CLUB CABARET, INC. AND JOSEPH MILLER MAY AFFECT YOUR RIGHTS.**

</div>

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

### *<u>You are not being sued.</u>*

- On October 21, 2016 you were mailed a document entitled: Notice of Rule 23 Class Action Lawsuit, which advised you that the above-captioned action had been certified as class action and that you were potentially a member of the Rule 23 Class.

- The Parties in this lawsuit have settled the claims of all dancers who worked at Club Cabaret at any time from May 26, 2012 to October 5, 2015.

- This Notice is being sent to you to advise you that you are **<u>not</u>** included in the settlement of this lawsuit.

- This Notice has been sent to you to provide you with information about your rights. **<u>Please read this notice carefully</u>**.

## 1.  Why did I get this notice?

The Court directed this Notice be sent to you because Defendants' records show that you worked as an entertainer at Club Cabaret at some point after October 5, 2015.

As such, you have a right to know about the proposed settlement of the above-captioned lawsuit. This notice explains the lawsuit, the settlement, and your legal rights. Therefore, it is important that you read this notice carefully.

## 2.  What is this lawsuit about?

The Court in charge of this case is the United States District Court for the Central District of Illinois, and the case is known as *Aleigha Woods, et al. v. Club Cabaret Inc., and Joseph Miller*, Case No. 1:15-cv-01213-JBM-JEH.

The lawsuit generally involves claims under federal and Illinois state wage and hour laws.  The Plaintiff is a former entertainer.  She alleges that Club Cabaret misclassified her and other entertainers as independent contractors rather than employees and failed to pay the minimum wage for every hour worked.  Additionally, Plaintiff alleges that Defendants unlawfully charged entertainers money, such as house fees and fines, and retained a portion of their tips.  Plaintiff sought to recover unpaid wages, statutory penalties, and other related relief.

Club Cabaret denies all liability in the lawsuit and that any of Plaintiff's claims and allegations have merit. Plaintiff believes that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

## 3.  How do I know if I am part of the settlement?

The Honorable Judge Jonathan E. Hawley of the United States District Court for the Central District of Illinois granted preliminary approval of the Settlement and certified the following Settlement Class:

> o   All entertainers who worked at Club Cabaret at any time from May 26, 2012 to October 5, 2015.

Defendants identified you as falling outside of this definition, and for that reason you are receiving this notice advising you that you are ineligible to participate in this settlement.

## 4.  Why wasn't I included in the settlement?

Club Cabaret stated that you worked as an entertainer after October 5, 2015.  After this time period, Club Cabaret represented that it changed a number of its policies and practices which could affect the claims that were brought in this lawsuit.

## 5.  I think I should be included in the settlement.  What are my options?

You are receiving this Notice because you have been identified as someone who is not eligible to

participate in the settlement and will not receive any funds that are distributed as a result of that settlement.

If you believe Club Cabaret is wrong and that you should be included in the settlement, you can submit a written dispute with Plaintiff's Counsel.

Your written dispute you must include: (1) your full legal name; (2) your dates of employment at Club Cabaret; and (3) documentation showing that you worked at Club Cabaret as an entertainer at any time from May 26, 2012 to October 5, 2015.

You must submit your dispute form to:

> Nichols Kaster, PLLP
> Attn: Michele R. Fisher
> 4600 IDS Center, 80 South 8th St.
> Minneapolis, MN 55402
> Email: forms@nka.com
> Phone: 1-877-448-0492

## 6. How are my rights affected by this settlement?

Upon final approval of the settlement, your claims in this lawsuit will be dismissed <u>without</u> prejudice. Because you are not a part of this settlement you will retain all rights and claims you previously had against the Defendants. This means that you can start your own lawsuit if you choose to do so. Your claims will also be tolled for thirty (30) days so that you may re-file your claims against Defendants without it affecting your statute of limitations.

## 7. Where can I find more details about the settlement?

You can view the Settlement Agreement and get more information about the settlement process by contacting Nichols Kaster, PLLP, or visiting their website at <u>www.nka.com</u>.

# <u>EXHIBIT 5</u>

**(Notice of Settlement
to Eligible Rule 23 Claimants)**

*UNITED STATES DISTRICT COURT –CENTRAL DISTRICT OF ILLINOIS*

# Notice of Settlement

### *If you worked as an entertainer for Club Cabaret at any time from May 26, 2012 through October 5, 2015, a Proposed Class and Collective Action Settlement may affect your rights.*

**A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

### *YOU ARE NOT BEING SUED.*

You are receiving this notice because you have been identified as someone eligible to receive money from a proposed settlement of a class and collective action lawsuit.  You are a Class Member in the lawsuit entitled *Woods v. Club Cabaret, Inc.*, which asserts claims that Club Cabaret violated state and federal wage and hour laws by, among other things, allegedly failing to pay entertainers the minimum wage for every hour worked and charging entertainers money, such as house fees and fines, and retaining a portion of their tips.

This proposed settlement has received *preliminary* approval from the Court and will resolve claims of the parties who wish to participate in the settlement. Club Cabaret's records indicate that you are a member of the Settlement Class (i.e., a "Class Member").

Defendants deny the claims and allegations, and deny that Plaintiff or that any of the Class Members are entitled to any relief. Both Plaintiff and Defendants recognize the costs and risks of litigation, however, and believe that the proposed settlement is a fair and reasonable resolution. The settlement provides that Defendants will pay a total of $1,000,000.00 to settle this case (the "Settlement Fund").

The Court conditionally certified this lawsuit as a collective action under the federal Fair Labor Standards Act ("FLSA") on September 28, 2015.  Notice of the lawsuit was sent by mail to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims.  Because you worked in Illinois you may still participate in this settlement of your State Law Claims as a Class Member even though you did not join the lawsuit as a federal FLSA Opt-in Plaintiff.  This notice provides information on how to participate in the settlement and your options.

The Court has preliminarily approved the settlement.  You will receive your share of the Settlement Fund through a settlement payment in the pre-tax amount of [$**XXXXXXX**].  As detailed below, you will receive that payment only after the Court grants final approval of the settlement and if you timely return a Claim Form.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A CHOICE TO MAKE NOW. THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Include yourself by submitting the Claim Form.* | • You will receive a settlement check in the pre-tax amount of [$**XXXXX**]. <br> • You will release your Illinois state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Defendants for these claims. <br> • ***If you do not cash your settlement payment within 90 days after the check was issued,*** you will still give up your right to sue Defendants under state law, but your payment will be donated to charity. | *The Claim Form must be sent to Plaintiff's Counsel no later than [**DATE**].* |
| *Do Nothing* | • You will **not** receive a settlement check. <br> • You will release your Illinois state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Defendants for these claims. | *N/A* |
| *Exclude yourself by making a written exclusion request.* | • You can elect to opt-out of the Class and retain your right to sue Defendants for your Illinois state law claims. <br> • To exclude yourself, you **must** submit a signed exclusion request. If you exclude yourself, you will not receive a settlement check. | *The Exclusion Request must be sent to Plaintiff's Counsel no later than [**DATE**].* |
| *File an Objection* | • If you do not exclude yourself, you can remain a Class Member and still write to the Court explaining why you disagree with the settlement. <br> • To object to the settlement, you **must** submit: (1) a Claim Form **and** (2) written notice identifying your objection. | *The Objection must be sent to Plaintiff's Counsel no later than [**DATE**].* |
| *Appear at the Hearing* | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [**DATE**]. This date may change without further notice.* |

Questions about the settlement should be directed to Plaintiff's Counsel. Their contact information is in section 6 of this Notice.

| 1.      WHY DID I GET THIS NOTICE? |
|---|

The Court directed this Notice be sent to you because Defendants' records show that you worked as an entertainer at Club Cabaret at some point between May 26, 2012 and October 5, 2015.

This proposed settlement will affect your legal rights.  Therefore, it is important that you read this notice carefully.

| 2.      WHAT IS A CLASS ACTION? |
|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or "Class Members." The Court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class.  Class Actions are brought under state law.  Here, a class action was brought for those Class Members under Illinois state law.

| 3.      WHAT IS THIS CASE ABOUT? |
|---|

The lawsuit generally involves claims under federal and state wage and hour laws.  The Plaintiff is a former entertainer.  She alleges that Club Cabaret misclassified her and other entertainers as independent contractors rather than employees and failed to pay the minimum wage for every hour worked.  Additionally, Plaintiff alleges that Defendants unlawfully charged entertainers money, such as house fees and fines, and retained a portion of their tips.  Plaintiff sought to recover unpaid wages, statutory penalties, and other related relief.

Club Cabaret denies all liability in the lawsuit and that any of Plaintiff's claims and allegations have merit. Plaintiff believes that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4.      WHO IS INCLUDED? |
|---|

The Honorable Judge Jonathan E. Hawley of the United States District Court for the Central District of Illinois granted preliminary approval of the Settlement and certified the following Settlement Class:

   o   All entertainers who worked at Club Cabaret at any time from May 26, 2012 to October 5, 2015.

Defendants identified you as falling within that definition, and for that reason you are receiving this notice of your settlement offer.

The settlement also includes individuals who previously opted into the lawsuit as an Opt-in Plaintiff.

| 5.      WHAT ARE THE SETTLEMENT BENEFITS? |
|---|

Under the terms of the Settlement, Club Cabaret agrees to pay a "Total Settlement Amount" of $1,000,000.00 over the course of eighteen (18) months. Deducted from the Total Settlement

Amount will be sums, to be approved by the Court, for attorneys' fees of 25% of the Total Settlement Amount ($250,000), and up to $27,758 in litigation costs and up to $1,500 in settlement administration costs to Plaintiff's Counsel. The amount remaining after these items are deducted from the Total Settlement Amount is the net settlement or "Distribution Amount."

Each Class Member who submits a claim form shall ultimately be entitled to a pro rata portion of the Distribution Amount, which was based on the Class Representative's dates of employment within the applicable time period.  Because Club Cabaret did not have any financial or time records, Plaintiffs relied on various documents and applied estimates that were obtained from their interviews with numerous entertainers to calculate damages. According to their estimates, entertainers, on average, worked 4 shifts per week (6 hours per shift) and paid approximately $55 in house fees per shift.  Your damages reflect compensation for these house fees and hours worked.  Claims for fines and reimbursement of VIP dances were discounted to reflect litigation risk associated with these claims.  Based on our calculation, your settlement share, after attorneys' fees and costs, is **[XXX].**

Payments to Class Members will be reported on a 1099.  Each Class Member will be responsible for the payment of any personal taxes owing on that amount.

### 6.    HOW DO I RECEIVE MY SETTLEMENT PAYMENT?

In order to receive your settlement benefits, you **must** complete and submit the enclosed Claim Form by **DATE.**  If you timely sign and return the Claim Form and do not exclude yourself from the class, you will receive a settlement check for at least $**XX**.  This amount may remain the same or increase based on how many people participate in the settlement by submitting a Claim Form.

**All Claim Forms must be sent to Plaintiff's Counsel via email, fax, or postmarked by DATE.  You must send your Claim Form to:**

> Nichols Kaster, PLLP
> Attn. Michele Fisher and Paul Lukas
> 4600 IDS Center, 80 S. 8th Street
> Minneapolis, MN 55402
> Toll Free Telephone: (877) 448-0492
> Fax: (612) 215-6870
> Email: forms@nka.com

### 7.    WHAT HAPPENS IF I SUBMIT MY CLAIM FORM?

If the Court approves the settlement, Defendants must deliver (1) a payment of $500,000 to Plaintiff's Counsel within seven (7) days of the Court's order granting final approval, and (2) payment of the remaining $500,000 over the course of eighteen (18) months in equal installments of $27,777.77.  If you timely complete and submit a Claim Form, you will receive three (3) settlement checks from Plaintiff's Counsel, which will occur shortly after Defendants deliver the first payment, the 10th installment, and the 19th and final installment.

If you submit a Claim Form, you will knowingly and voluntarily release and covenant not to sue Defendants and/or Released Parties from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under Illinois state wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or

equitable relief available related to Illinois state law claims alleged in the First Amended Complaint that accrued during May 26, 2012 to October 5, 2015.

This Release will be final and binding upon Final Approval. You can talk to one of the lawyers listed in response to Question 12 below for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.

| 8 | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing, you will **not** receive a settlement payment.  Your settlement amount will be redistributed to those individuals who have chosen to participate in the settlement.  You will be legally bound by the Court's judgment in this case for the Illinois state law claims.  Unless you submit a timely valid request for exclusion, you will release and covenant not to sue Defendants for all claims identified above in Question 7.  You will not release any potential claim you may have under the federal Fair Labor Standards Act ("FLSA").  If you wish to start your own lawsuit against Defendants for your potential FLSA claim, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.  If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

| 9. | WHY WOULD I WANT TO BE EXCLUDED FROM THE CLASS? |
|---|---|

You do not have to take part in the settlement.  You can exclude yourself from the settlement and from receiving a settlement check by timely requesting exclusion, as detailed in Question 10.   If you exclude yourself from the settlement, then you will not get the benefits of the settlement.

If you exclude yourself by timely requesting exclusion in writing, you will not be legally bound by the Court's judgment in this case.  If you wish to start your own lawsuit against Defendants, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.  If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

| 10. | HOW DO I EXCLUDE MYSELF FROM THE CLASS? |
|---|---|

If you do not wish to participate in this lawsuit and receive a payment from the Settlement, you may be excluded (i.e., "opt out") by sending a timely letter in writing that contains your name, address, telephone number and last four digits of your social security number, as well as your signature ("Request for Exclusion") to Plaintiff's Counsel. The Request for Exclusion must be signed, dated and mailed no later than **[DATE]**.  Plaintiff's Counsel's contact information is in Question 6 above.

Requests for Exclusion that do not include all required information and/or that are not timely submitted will be deemed ineffective. Whether you desire to participate in the lawsuit or not, all potential Class Members who fail to submit a valid and timely Request for Exclusion on or before the above-specified deadline shall be bound by all terms of the Settlement, the release at Question 7, above, and any Final Judgment entered in the lawsuit if the Court approves the Settlement.

**UNLESS YOU PROPERLY SUBMIT A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE RELATED TO YOUR ILLINOIS STATE WAGE AND HOUR CLAIMS, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION OF THOSE CLAIMS.  SHOULD YOU**

**WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| | |
|---|---|
| **11.** | **HOW DO I OBJECT TO THE SETTLEMENT?** |

If you do not like the settlement, but do not want to be excluded from it, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.  Importantly, to file an objection, you must still submit your Claim Form by [**DATE**].

Any Class Member who submits a Claim Form may comment on, or object to, the Settlement, or any portion thereof.  Class Members may do so in writing by sending comments or objections to Plaintiff's Counsel by [**DATE**].  Plaintiff's Counsel's contact information is in Question 6 above.

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a Claim Form or written comment or objection in the manner described above and by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

Plaintiff's Counsel will file all objections with the Court and provide all objections to Defendants' lawyers.

| | |
|---|---|
| **12.** | **DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?** |

Yes.  The Court appointed the attorneys identified in Question 6 above as Class Counsel.  More information about Plaintiff's Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

| | |
|---|---|
| **13.** | **HOW WILL THE LAWYERS BE PAID?** |

Subject to Court approval, the Total Settlement Amount includes (1) attorneys' fees of 25% of the Total Settlement Amount ($250,000) payable to Class Counsel, (2) up to $27,758 in litigation costs; and (3) $1,500 in settlement administration costs payable to Plaintiff's Counsel.  The Court may award less than these amounts from the Total Settlement Amount.  Your share of these amounts was already deducted, so your settlement check amount in this Notice will not be further decreased.

| | |
|---|---|
| **14.** | **WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT?** |

If you submit a Claim Form but you do not cash your settlement checks within 90 days, that uncashed settlement amount will be donated to charity.  You will be legally bound by the Court's judgment in this case for the Illinois state law claims.

| | |
|---|---|
| **15.** | **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on **insert date/time/location**. The hearing may be moved to a different date and/or

time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval.  If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present her objection to the Court.

| 16. | DO I HAVE TO ATTEND THE HEARING? |
|-----|----------------------------------|

No.  Plaintiff's Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

| 17. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |
|-----|------|

Yes.  As long as you submit a Claim Form and do not exclude yourself, you have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your Claim Form and written objection were timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 18. | WHERE DO I OBTAIN MORE INFORMATION? |
|-----|-------------------------------------|

If you want additional information, you may call or write Plaintiff's Counsel at the address and telephone number listed above.

The specific terms of the settlement have also been filed with the Court.  You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

ALEIGHA WOODS, individually and on behalf of the
Rule 23 Class and others similarly situated,

        Plaintiff,

        v.

CLUB CABARET, INC., and JOSEPH MILLER, in his
individual capacity,

        Defendants.

Case No. 1:15-cv-01213-JBM-JEH

**RELEASE OF CLAIMS FOR**
**[FIRST, LAST]**

I received the Notice of Settlement which informed me that I will receive payments totaling $[**AMOUNT**] if I return this Release of Claims form so that it is received by Plaintiff's Counsel by [**DATE**].

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payments, I knowingly and voluntarily release and covenant not to sue Defendants and/or Released Parties from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under Illinois state wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to Illinois state law claims alleged in the First Amended Complaint that accrued during May 26, 2012 to October 5, 2015.

DATE: _____

_____
Signature

_____
Street Address, Apt. # (if applicable)

_____
City, State, Zip

_____
Best contact information (phone and/or email)—**it is important we can locate you to mail your settlement checks**

_____
Social Security Number

Submit by mail or electronically to Nichols Kaster, PLLP.  Must be postmarked by [**DATE**]

**Nichols Kaster, PLLP, c/o Michele Fisher**
**4600 IDS Center, 80 S. 8th Street**
**Minneapolis, MN 55402**
**Fax: (612) 215-6870; Email: forms@nka.com**

38

# EXHIBIT 6

## (Notice of Settlement to FLSA Opt-In Plaintiffs)

*UNITED STATES DISTRICT COURT –CENTRAL DISTRICT OF ILLINOIS*

# Notice of Settlement

*If you worked as an entertainer for Club Cabaret at any time from May 26, 2012 through October 5, 2015, a Proposed Class and Collective Action Settlement may affect your rights.*

**A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

**<u>*YOU ARE NOT BEING SUED.*</u>**

You are receiving this notice because you are an Opt-in Plaintiff and a Class Member in the lawsuit entitled *Woods v. Club Cabaret, Inc.*, which asserts claims that Club Cabaret violated state and federal wage and hour laws by, among other things, allegedly failing to pay entertainers the minimum wage for every hour worked and charging entertainers money, such as house fees and fines, and retaining a portion of their tips.

This proposed settlement has received *preliminary* approval from the Court and will resolve claims of the parties who wish to participate in the settlement. You filed a consent form to assert your claims under the Fair Labor Standards Act ("FLSA"); additionally, Club Cabaret's records indicate that you are a member of the Settlement Class (i.e., a "Class Member").

Defendants deny all of the claims and allegations, and deny that Plaintiff or that any of the Class Members are entitled to any relief. Both Plaintiff and Defendants recognize the costs and risks of litigation, however, and believe that the proposed settlement is a fair and reasonable resolution. The settlement provides that Defendants will pay a total of $1,000,000.00 to settle this case (the "Settlement Fund").

The Court conditionally certified this lawsuit as a collective action under the federal FLSA on September 28, 2015. Notice of the lawsuit was sent by mail to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims. You joined the lawsuit as a federal FLSA Opt-in Plaintiff at that time; Defendants' records also indicate that you worked for Club Cabaret during the covered period, which means you may also participate in this settlement as a Class Member for the claims the lawsuit asserted under Illinois state law. This notice provides information on how to participate in the settlement and your options.

The Court has preliminarily approved the settlement. You will receive your share of the Settlement Fund through a settlement payment in the pre-tax amount of at least [$<u>**XXXXXXX**</u>]. As detailed below, you will receive this payment only after the Court grants final approval of the settlement if you do not request to exclude yourself from the settlement <u>and if you timely return your Claim Form</u>.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A <u>CHOICE</u> TO MAKE NOW. THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Timely Sign and Submit the Attached Claim Form* | • You will receive a settlement check in the pre-tax amount of [$XXXXX]. <br> • You will release your federal FLSA and Illinois state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Defendants for these claims. <br> • *If you do not cash your settlement payments within 90 days after the checks are issued,* you will still give up your right to sue Defendants, but your payment will be donated to charity. | *The signed Claim Form must be sent to the Plaintiff's Counsel no later than [DATE].* |
| *Do nothing.* | • You will release your Illinois state law wage and hour claims and will be bound by the terms of settlement as to those claims. You will give up your right to sue Defendants for these claims. <br> • If you do nothing, you will not release your federal FLSA claims. | *N/A* |
| *Exclude yourself by making a written exclusion request.* | • You can elect to exclude yourself from the settlement and retain your right to sue Defendants for your federal FLSA and state law claims. <br> • To exclude yourself, you **must** submit a signed exclusion request. If you exclude yourself, you will not receive a settlement check. | *The Exclusion Request must be sent to Plaintiff's Counsel via email or mail postmarked no later than [DATE].* |
| *File an Objection* | • If you do not exclude yourself, you can remain in the settlement and still write to the Court explaining why you disagree with the settlement. <br> • To object to the settlement, you **must** (1) submit a Claim Form, and (2) submit a written notice identifying your objection. | *The Objection must be sent to Plaintiff's' Counsel via email or mail postmarked no later than [DATE].* |
| *Appear at the Hearing* | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [DATE]. This date may change without further notice* |

Questions about the settlement should be directed to Plaintiff's Counsel. Their contact information is in section 6 of this Notice.

41

| 1. | WHY DID I GET THIS NOTICE? |
|---|---|

The Court directed this Notice be sent to you because you are an Opt-in Plaintiff and a Class Member in the lawsuit.  Defendants' records show that you worked as an entertainer at Club Cabaret at some point from May 26, 2012 to October 5, 2015.

This proposed settlement will affect your legal rights.  Therefore, it is important that you read this Notice carefully.

| 2. | WHAT IS A CLASS ACTION AND WHAT IS A COLLECTIVE ACTION? |
|---|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or "Class Members."  The Court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class.  Class Actions are brought under state law.  Here, a class action was brought for those Class Members who worked at Club Cabaret under Illinois state law.

In a collective action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. In order to join a collective action, a person must file a plaintiff consent form with the court.  All the people who file consent forms are together considered to be part of the "Collective."  The court can determine whether it will allow a lawsuit to proceed as a collective action.  In a collective action, one court resolves common issues for everyone in the collective.  Collective actions are brought under the federal FLSA, as in this case.

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

The lawsuit generally involves claims under federal and state wage and hour laws. The Plaintiff is a former entertainer who worked at Club Cabaret.  She alleges that Club Cabaret misclassified entertainers as independent contractors rather than employees and failed to pay them wages for their hours worked. Additionally, Plaintiff alleges that Defendants violated wage and hour laws by charging entertainers money, such as house fees and fines, and retaining a portion of their tips.  Through the lawsuit, Plaintiff sought to recover unpaid wages, statutory penalties, and other related relief.

Club Cabaret denies all liability in the lawsuit and that any of Plaintiff's claims and allegations have merit. Plaintiff believes that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |
|---|---|

The settlement includes individuals who opted into the lawsuit as an Opt-in Plaintiff (including you).  Additionally, the Honorable Judge Jonathan E. Hawley of the United States District Court for the Central District of Illinois granted preliminary approval of the Settlement for the following Class:

   o   All entertainers who worked at Club Cabaret at any time from May 26, 2012 through
        October 5, 2015.

Defendants identified you as falling within that definition, and for that reason you are receiving this notice of your settlement offer.

| 5. | **WHAT ARE THE SETTLEMENT BENEFITS?** |
|---|---|

Under the terms of the Settlement, Club Cabaret agrees to pay a "Total Settlement Amount" of $1,000,000.00. Deducted from the Total Settlement Amount will be sums, to be approved by the Court, for attorneys' fees of 25% of the Total Settlement Amount ($250,000), and up to $27,758.28 in litigation costs and up to $1,500 in settlement administration costs to Plaintiff's Counsel. The amount remaining after these items are deducted from the Total Settlement Amount is the net settlement or "Distribution Amount."

Each Opt-in Plaintiff who submits a Release of Claims Form shall ultimately be entitled to a pro rata portion of the Distribution Amount, which will be based on the individual's work history within the applicable statute of limitations. Because Club Cabaret did not have any financial or time records, Plaintiffs relied on estimates that were obtained from their interviews with numerous entertainers to calculate damages. If you provided this information to Plaintiff's Counsel, your hours-worked estimates were used to calculate your damages. Claims for fines and reimbursement of VIP dances were discounted to reflect litigation risk associated with these claims. Based on our calculation, your settlement share, after attorneys' fees and costs, is **[XXX].**

Payments will be reported on a 1099. Each Class Member will be responsible for the payment of any personal taxes owing on that amount.

| 6. | **HOW DO I RECEIVE MY SETTLEMENT PAYMENT?** |
|---|---|

In order to receive your settlement benefits, you **must** complete and submit the enclosed Release of Claims Form by **DATE.** If you timely sign and return the Release of Claims Form and do not exclude yourself from the class, you will receive a settlement check for at least $**XX.** This amount may remain the same or increase based on how many people participate in the settlement by submitting a Release of Claims Form.

**All Release of Claims Forms must be sent to Plaintiff's Counsel via email, fax, or postmarked by DATE. You must send your Claim Form to:**

> Nichols Kaster, PLLP
> Attn. Michele Fisher or Paul Lukas
> 4600 IDS Center, 80 S. 8th Street
> Minneapolis, MN 55402
> Toll Free Telephone: (877) 448-0492
> Fax: (612) 215-6870
> Email: forms@nka.com

| 7. | **WHAT HAPPENS IF I SUBMIT MY CLAIM FORM?** |
|---|---|

If the Court approves the settlement, Defendants must deliver (1) a payment of $500,000 to Plaintiff's Counsel within seven (7) days of the Court's order granting final approval, and (2) payment of the remaining $500,000 over the course of eighteen (18) months in equal installments of $27,777.77. If you timely complete and submit a Release of Claims Form, you will receive three (3) settlement checks from Plaintiff's Counsel, which will occur shortly after Defendants deliver the first payment, the 10th installment, and the 19th and final installment.

If you submit a Release of Claims Form, you will knowingly and voluntarily release and covenant not to sue Defendants and/or Released Parties from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under state and federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to Illinois state law claims alleged in the First Amended Complaint that accrued during May 26, 2012 to October 5, 2015.

This Release will be final and binding upon Final Approval. You can talk to one of the lawyers listed in response to Question 12 below for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.

| 8. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing, you will not receive any settlement funds.  You will release your claims under Illinois state wage and hour law.  However, you will retain your right to sue Defendants under the FLSA.

Unless you submit a timely valid request for exclusion, you will release and covenant not to sue Defendants and/or Released Parties from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under Illinois state wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to Illinois state law claims alleged in the First Amended Complaint that accrued during May 26, 2012 to October 5, 2015.

This Release will be final and binding upon Final Approval. You can talk to one of the lawyers appointed as Class Counsel (listed in response to Question 12 below) for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.

| 9. | WHY WOULD I WANT TO BE EXCLUDED FROM THE CLASS? |
|---|---|

You do not have to take part in the settlement.  You can exclude yourself from the settlement and from receiving a settlement check by timely requesting exclusion, as detailed in Question 10.  If you exclude yourself from the settlement, then you will not get the benefits of the settlement.

If you exclude yourself by timely requesting exclusion in writing, you will not be legally bound by the Court's judgment in this case.  If you wish to start your own lawsuit against Defendants, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.  If you choose to do so, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

| 10. | HOW DO I EXCLUDE MYSELF FROM THE CLASS? |
|---|---|

If you do not wish to participate in this lawsuit and receive a payment from the Settlement, you may be excluded (i.e., "opt out") by sending a timely letter in writing that contains your name, address, telephone number and last four digits of your social security number, as well as your signature ("Request for Exclusion") to Plaintiff's Counsel. The Request for Exclusion must be

signed, dated and mailed no later than [**DATE**].  Plaintiff's Counsel's contact information is in Question 6 above.

Requests for Exclusion that do not include all required information and/or that are not timely submitted will be deemed ineffective.

**UNLESS YOU PROPERLY SUBMIT A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE RELATED TO YOUR ILLINOIS STATE WAGE AND HOUR CLAIMS, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION OF THOSE CLAIMS.  SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

## 11.   HOW DO I OBJECT TO THE SETTLEMENT?

If you do not like the settlement, but do not want to be excluded from it, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.

Any Class Member who submits a Claim Form may comment on, or object to, the Settlement, or any portion thereof.  Class Members may do so in writing by sending comments or objections to Plaintiff's Counsel at the information provided above.

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written comment or objection in the manner described above and by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

Plaintiff's Counsel will file all objections with the Court and provide all objections to Defendants' lawyers.

## 12.   DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?

Yes. The Court appointed the attorneys identified in Question 6 above as Class Counsel. More information about Class Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

## 13.   HOW WILL THE LAWYERS BE PAID?

Subject to Court approval, the Total Settlement Amount includes (1) attorneys' fees of 25% of the Total Settlement Amount ($250,000) payable to Class Counsel, and (2) up to $27,758 in litigation costs; and (3) $1,500 in settlement administration costs payable to Class Counsel.  The Court may award less than these amounts from the Total Settlement Amount.  Your share of these amounts was already deducted, so your settlement check amount in this Notice will not be further decreased.

**14.     WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT?**

If you submit a Claim Form but you do not cash your settlement checks within 90 days, that uncashed settlement amount will be donated to charity.  You will be legally bound by the Court's judgment in this case for the federal and Illinois state law claims.

**15.     WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on **insert date/time/location**. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval.  If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present his or her objection to the Court.

**16.     DO I HAVE TO ATTEND THE HEARING?**

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

**17.     IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT?**

Yes.  As long as you do not exclude yourself, you have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

**18.     WHERE DO I OBTAIN MORE INFORMATION?**

If you want additional information, you may call or write Class Counsel at the address and telephone number listed above.

The specific terms of the settlement have also been filed with the Court.  You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

---

ALEIGHA WOODS, individually and on behalf of the
Rule 23 Class and others similarly situated,

        Plaintiff,

v.

CLUB CABARET, INC., and JOSEPH MILLER, in
his individual capacity,

        Defendants.

Case No. 1:15-cv-01213-JBM-JEH

**RELEASE OF CLAIMS FOR**
**[FIRST, LAST]**

---

I received the Notice of Settlement which informed me that I will receive payments totaling $[**AMOUNT**] if I return this Release of Claims form so that it is received by the Claims Administrator by [**DATE**].

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payments, I knowingly and voluntarily release and covenant not to sue Defendants and/or Released Parties from/for all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under state and federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to claims alleged in the First Amended Complaint that accrued during May 26, 2012 to October 5, 2015.

DATE: _____

_____
Signature

_____
Street Address, Apt. # (if applicable)

_____
City, State, Zip

_____
Best contact information (phone and/or email)—**it is important we can locate you to mail your settlement checks**

_____
Social Security Number

Submit by mail or electronically to Nichols Kaster, PLLP.  Must be postmarked by [**DATE**]

**Nichols Kaster, PLLP, c/o Michele Fisher**
**4600 IDS Center, 80 S. 8th Street**
**Minneapolis, MN 55402**
**Fax: (612) 215-6870; Email: forms@nka.com**

# <u>EXHIBIT 7</u>

**(Consent Judgment/Confession of Judgment)**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEIGHA WOODS, individually and on behalf of the Rule 23 Class and others similarly situated, | Case No. 1:15-cv-01213-JBM-JEH |
| Plaintiff, | **CONSENT JUDGMENT/ CONFESSION OF JUDGMENT** |
| v. | |
| CLUB CABARET, INC., and JOSEPH MILLER, in his individual capacity, | |
| Defendants. | |

Defendants Club Cabaret, Inc. and Joseph Miller (Defendants) agree to the entry of this Consent Judgment as provided in the Settlement Agreement entered into by the parties.

Plaintiffs and Defendants stipulate and agree that:

1.      The settlement payments agreed to pursuant to the Settlement Agreement in the above-captioned case, are secured by this Consent Judgment against Defendants.

2.      Those settlement payments are as follows:

   a.  Defendants shall deliver to Nichols Kaster, PLLP the initial installment payment of $500,000 within seven (7) calendar days of the Court's Final Approval of the Settlement; and

   b.  Defendants shall deliver to Nichols Kaster, PLLP the remaining $500,000 over the course of eighteen (18) months in equal installments of $27,777.77 beginning on the first of each month following the initial installment payment.

3.      In the event Defendants do not make their scheduled payments as described above and do not cure the deficiency within thirty (30) days of notice of the deficiency by mail and email to Defendants' counsel, Plaintiffs may file the Consent Judgment/Confession of Judgment, making Defendants in default of judgment for the remaining Default Amount.  Notice of the deficiency shall be sent to Defendants' Counsel Sam Zabek at 60 State Street, Suite 201, Peoria,

Illinois 61602, and szabek@glo-pc.com and Michael Lied at 211 Fulton Street, Suite 600, Peoria, Illinois 61602, and mlied@howardandhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new address to Plaintiff's Counsel.

4.    Plaintiff's Counsel shall retain the original executed version of this Consent Judgment and shall not file it unless authorized to do so pursuant to Section 8 of the Settlement Agreement, and the requisite notice and cure period specified has passed.

Dated:

_____

**NICHOLS KASTER, PLLP**
Paul J. Lukas
Brittany Bachman Skemp
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bskemp@nka.com

**HASSELBERG, ROCK, BELL & KUPPLER LLP**
Julie L. Galassi
Dustin Jensen
Suite 200 Associated Bank Bldg.
4600 N. Brandywine Drive
Peoria, IL  61614
Telephone: (309) 688-9400
Fax: (309) 688-9430
jgalassi@hrbklaw.com
djensen@hrbklaw.com

**ATTORNEYS FOR PLAINTIFFS**

Dated:

_____

**Joseph Miller**
On behalf of himself and Club Cabaret, Inc.

_____

**GRAVES LAW OFFICES**
Samuel B. Zabek
60 State Street, Suite 201
Peoria, Illinois 61602
Telephone: (309) 673-8422
Fax: (309) 673-8432
szabek@glo-pc.com

**SHAFER & ASSOCIATES, P.C.**
Bradley J. Shafer (MI P36604)
Matthew Hoffer
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
Telephone: 517-886-6560
Fax: 517-886-6565

Dated:

_____

**HOWARD & HOWARD ATTORNEYS PLLC**
Michael R. Lied

50

Illinois 61602, and szabek@glo-pc.com and Michael Lied at 211 Fulton Street, Suite 600, Peoria, Illinois 61602, and mlied@howardandhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new address to Plaintiff's Counsel.

4.     Plaintiff's Counsel shall retain the original executed version of this Consent Judgment and shall not file it unless authorized to do so pursuant to Section 8 of the Settlement Agreement, and the requisite notice and cure period specified has passed.


Dated: _____

**NICHOLS KASTER, PLLP**
Paul J. Lukas
Brittany Bachman Skemp
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bskemp@nka.com

**HASSELBERG, ROCK, BELL & KUPPLER LLP**
Julie L. Galassi
Dustin Jensen
Suite 200 Associated Bank Bldg.
4600 N. Brandywine Drive
Peoria, IL 61614
Telephone: (309) 688-9400
Fax: (309) 688-9430
jgalassi@hrbklaw.com
djensen@hrbklaw.com

**ATTORNEYS FOR PLAINTIFFS**


Dated: _____

**Joseph Miller**
On behalf of himself and Club Cabaret, Inc.

_____

**GRAVES LAW OFFICES**
Samuel B. Zabek
60 State Street, Suite 201
Peoria, Illinois 61602
Telephone: (309) 673-8422
Fax: (309) 673-8432
szabek@glo-pc.com

**SHAFER & ASSOCIATES, P.C.**
Bradley J. Shafer (MI P36604)
Matthew Hoffer
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
Telephone: 517-886-6560
Fax: 517-886-6565

Dated:  5-10-2017
_____

**HOWARD & HOWARD ATTORNEYS PLLC**
Michael R. Lied

50

211 Fulton Street, Suite 600
Peoria, IL 61602
Telephone: 309-999-6311
Fax: 609-672-1568
mlied@howardandhoward.com

**ATTORNEYS FOR DEFENDANTS**